IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PITB, LLC, a Delaware Limited Liability Company, 185,651.4503 SQUARE FEET (4.262 ACRES) OF LAND, ALL OF TAX MAP AND PARCEL NUMBER 235-8.00-83.00 STIUATE IN BROADKILL HUNDRED, | § § § § § § § | No. 100, 2024

Court Below–Superior Court of the State of Delaware

C.A. No. S21C-07-016 |
| and | § § | |
| STAFFORD STREET CAPITAL, LLC, a Delaware Limited Liability Company, 11,000.00 SQUARE FEET (.2525 ACRES) OF LAND; PART OF TAX MAP AND PARCEL NUMBER 235-8.00-83.00 SITUATE IN BROADKILL HUNDRED, and BRUCE S. GEYER, a resident of the State of Delaware, | § § § § § § § § § § § | |
| Defendants Below, Appellants, | § § § | |
| v. | § § | |
| THE STATE OF DELAWARE, UPON THE RELATION OF THE SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, | § § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: March 7, 2024
Decided:  March 25, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     This appeal arises out of a condemnation proceeding initiated in the Superior Court by the plaintiff below/appellee, the Delaware Department of Transportation ("DelDOT"), to acquire: (i) a fee simple interest of approximately 4.3 acres (the "Property") owned by the defendant below/appellant PITB, LLC; (ii) an easement of approximately .3 acres located within the Property (the "Easement") owned by the defendant below/appellant Stafford Street Capital, LLC ("Stafford" and, together with PITB, the "Defendants"); and (iii) a billboard located on the Easement (the "Billboard").

(2)     In March 2023, the Defendants moved for "instructions," asking the Superior Court to provide guidance to the parties regarding the proper method of valuing the separately owned property interests. Specifically, the Defendants asked the Superior Court to clarify that: (i) PITB's interest in the Property and Stafford's interest in the Easement should be valued separately, and (ii) the income derived from the Billboard should be included in the valuation of Stafford's interest in the Easement. Following briefing, oral argument, and supplemental briefing, the

Superior Court issued a decision on February 6, 2024 (the "Opinion").[1] In the Opinion, the Superior Court (i) adopted the "Unit Rule," which requires the valuation of the property being condemned as a whole, not "by the sum of the values of the various interests into which it has been carved;"[2] and (ii) found that billboard-ad revenue was non-compensable business income. On February 16, 2024, the Defendants asked the Superior Court to certify an interlocutory appeal of the Opinion under Supreme Court Rule 42. DelDOT opposed the application.

(3) On February 29, 2024, the Superior Court denied the application for certification.[3] As an initial matter, the court found that the Opinion had decided a substantial issue of material importance—a threshold consideration under Rule 42.[4] But the court concluded that the Rule 42(b)(iii) factors cited by the Defendants—Factor A (the Opinion resolved a question of law for the first time), Factor C (the question of law addressed by the Opinion relates to the construction of a statute that should be settled by this Court before the entry of a final order), Factor E (the Opinion reversed a prior decision of the trial court), and Factor H (interlocutory review may serve considerations of justice)—did not weigh in favor of interlocutory

---

[1] *DelDOT v. PITB, LLC*, 2024 WL 489062 (Del. Super. Ct. Feb. 6, 2024).

[2] *Id.* at *1.

[3] *DelDOT v. PITB, LLC*, 2024 WL 862441 (Del. Super. Ct. Feb. 29, 2024).

[4] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

3

review.  Although the court agreed with the Defendants that the issues addressed in the Opinion are issues of first impression, it found that the satisfaction of Factor A, standing alone, did not support certification.  And the court disagreed with the Defendants' characterization of the Opinion as conflicting with the language of 10 *Del. C.* § 6108(g)[5] because PITB and Stafford will be justly compensated for the condemnation of the Property and the Easement, respectively.  The court also concluded that the Opinion did not overrule precedent.  Finally, the court found that considerations of justice would not be served by certifying an interlocutory appeal because such review would only further slow an already protracted litigation.

(4)　　We agree with the Superior Court that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of the Court.[6]  Exercising our discretion and giving due weight to the Superior Court's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  Exceptional circumstances that would merit interlocutory review of the Opinion do not exist,[7] and the potential benefits of interlocutory review do not

---

[5] 10 *Del. C.* § 618(g) ("After all evidence is presented and the commissioners have been charged by the [Superior] Court with the applicable law, they shall retire and in secret arrive at a determination of the amount to be awarded as just compensation for the respective parties in interest, and thereafter announce their awards in open court….").

[6] Del. Supr. Ct. R. 42(d)(v).

[7] Del. Supr. Ct. R. 42(b)(ii).

4

outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] Del. Supr. Ct. R. 42(b)(iii).